UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WALTER J. RHODES     Plaintiff

v.     Civil Action No. 3:25-CV-22-RGJ

DISMAS CHARITIES CORP., *et al.*     Defendants

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on initial review of Plaintiff Walter J. Rhodes's *pro se* civil rights complaint pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, the Court will dismiss this action.

**I.**

On January 10, 2025, Plaintiff brought this action against Dismas Charities Corp. ("Dismas"), Dismas Director Sarah Weidner, and Dismas Counselor Donna Blivens for denial of medical treatment and ineffective medical treatment. Plaintiff alleges that while in the custody of the federal Bureau of Prisons ("BOP"), the BOP determined that he should serve the remainder of his sentence at Defendant Dismas in Louisville, Kentucky, a non-profit halfway house.[1] [DE 1]. Plaintiff alleges that on June 20, 2023, Plaintiff underwent a heart catheter procedure. [*Id.* at 1–2]. Prior to his release from the hospital, Plaintiff alleges that he was instructed to take his medication the next day, a blood thinner, because he is susceptible to blood clots. [*Id.* at 2].

Upon his return to Defendant Dismas, Plaintiff emailed Defendant Weidner and requested to go to the pharmacy the morning of June 21, 2023. [*Id.*]. Plaintiff asserts that instead of approving the request, Defendant Weidner forwarded the request to Defendant Blivens who

---

[1] According to its website, Dismas is a non-profit which operates 39 state and federal residential re-entry centers and support offices in 15 states. *See* www.dismas.com/about.

ignored the request. Plaintiff represents that he placed a second pharmacy request on June 21, 2023, to Defendant Blivens which was again ignored. [*Id.*]. On the night of June 21, 2023, Plaintiff states that he began to experience chest pain, and he notified the front desk officers. On June 22, 2023, Plaintiff requested to see other individuals at Dismas regarding his pharmacy requests and eventually requested an ambulance. [*Id.*]. At that time, a staff member came to Plaintiff's room, notified him the pharmacy transport had been approved, and asked him if wanted to go to the pharmacy or to the hospital. [*Id.*]. Plaintiff opted for the pharmacy and obtained his medication on June 22, 2023. [*Id.*].

As relief, Plaintiff requests money damages and asks that Defendants Blivens and Weidner be fired. [*Id.* at 4].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Plaintiff does not indicate the statute or federal law on which he relies to bring this claim against Defendants. Because Plaintiff was an inmate with the federal BOP and housed with a federal BOP contractor, the Court will construe Plaintiff's civil-rights suit against these Defendants as brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

**A.** ***Bivens*** **Action**

"*Bivens* recognizes an implied private right of action for damages against individual federal government officials who violate a citizen's constitutional or federal statutory rights under color

of federal law." *Brown v. U.S. Dep't of Just.*, No. 3:23-CV-00072-JHM, 2023 WL 6929814, at *2 (W.D. Ky. Oct. 19, 2023) (citing *Bivens*, 403 U.S. 388). To raise a *Bivens* claim, a plaintiff must show: 1) that the defendants in question were acting under color of federal law; and 2) that the plaintiff lacked any alternative remedies for the defendants' conduct. *See generally Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). In *Malesko*, the Supreme Court specifically held that no private cause of action should be implied under *Bivens* against a private corporation operating a halfway house under contract with BOP. *Id.* at 69–74; *see also Minneci v. Pollard*, 565 U.S. 118 (2012) (rejecting an Eighth Amendment deliberate-indifference claim in the context of a privately operated prison, even if the Eighth Amendment would have otherwise applied in the context of a federally-run prison). Thus, Plaintiff cannot pursue his Eighth Amendment deliberate-indifference claim against Defendant Dismas itself.

Similarly, "[t]he Supreme Court also has declined to extend the *Bivens* remedy to actions brought against 'privately employed personnel working at a privately operated federal prison' where the allegedly unconstitutional conduct 'is of a kind that typically falls within the scope of traditional state tort law.'" *Huntley v. Preston*, No. 17-2044-JDT-CGC, 2019 WL 3503993, at *2 (W.D. Tenn. Aug. 1, 2019) (quoting *Minneci*, 565 U.S. at 131). Similar to Plaintiff's claims in this case, "*Minneci* involved a federal prisoner's claim for lack of adequate medical care against employees of a private prison company." *Huntley*, 2019 WL 3503993, at *2 (citing *Minneci*, 565 U.S. at 120). The Supreme Court "held that the availability of state tort actions is sufficiently adequate to preclude a *Bivens* remedy against employees of a privately operated [facility] because prisoners can still bring money-damages suits against those employees." *Koprowski v. Baker*, 822 F.3d 248, 255 (6th Cir. 2016). In such cases, the Supreme Court instructs that "the prisoner must

4

seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case." *Minneci*, 565 U.S. at 131.

Because Defendants Weidner and Blivens are not federal employees for purposes of *Bivens* liability as to Plaintiff's Eighth Amendment deliberate-indifference claims, the Court will dismiss these claims for failure to state a claim upon which relief can be granted.

### B. Statute of Limitations

Moreover, even if the Eighth Amendment allegations gave rise to a *Bivens* cause of action against these Defendants, Plaintiff's claims would be time-barred. "Constitutional claims asserted under [42 U.S.C.] § 1983 and *Bivens*[] are governed by the state personal injury statute of limitations." *Alkhub v. Louisville Cnty. Jail*, No. 3:19-CV-101-GNS, 2019 WL 5320761, at *2 (W.D. Ky. Oct. 21, 2019) (citing *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) and *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) ("*Bivens* claims, like § 1983 claims, ordinarily borrow the personal-injury statute of limitations from the state in which the claim arose.")); *see also Morgan v. Hopkinsville Police Dep't*, No. 5:24-CV-43-BJB, 2024 WL 5089581, at *2 (W.D. Ky. Dec. 12, 2024). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

"Though the applicable statute of limitations is determined by state law, the date on which the statute of limitations begins to run is determined by federal law." *Crowe v. Albert*, No. 1:22-CV-70-BJB, 2022 WL 17363959, at *2 (W.D. Ky. Dec. 1, 2022) (citing *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007)). "The statute of limitations begins to run when the plaintiff knows, or has reason to know, that he or she has suffered an injury." *Dudley v. Streeval*, No. 20-5291, 2021 WL 1054390, at *5 (6th Cir. Feb. 8, 2021); *see also Snyder-Hill v. Ohio State*

5

*Univ.*, 48 F.4th 686, 701 (6th Cir. 2022); *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

From the allegations in the complaint, Plaintiff knew of the alleged deprivation of his medication no later than June 22, 2023. Accordingly, Plaintiff had until June 23, 2024, to file a complaint. Yet, he waited until 2025 to do so. As such, his Eighth Amendment claims are also time-barred and must be dismissed for failure to state a claim upon which relief may be granted. *See*, *e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

## IV.

Accordingly, the Court will dismiss this action by separate Order.

Date: May 30, 2025

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.014